

```
_____
          ROBERT A. GORDON
        U. S. BANKRUPTCY JUDGE
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| Christopher Clark | * | Case No. 10-23496-RAG |
| | | Chapter 7 |
| | * | |
| Debtor | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION IN SUPPORT OF**
<u>**ORDER SUSTAINING OBJECTION TO EXEMPTION**</u>

**I.      Introduction**

This contested matter presents questions of California law. This is so because the Debtor is entitled to California property exemptions. The fact that California law must be applied led to uncertainty on the part of the litigants. That, in turn, led to a shifting landscape of arguments with respect to the fundamental question presented. The Court has concluded, however, that the correct answer to that question – whether the Debtor can use the sizable $75,000 California homestead exemption against property he owns as a joint tenant with his former wife – can be found on a clear, straight, precedential path, well paved with guidance from California case law. Because the subject property is owned in joint tenancy, and there is no evidence that it is

1

community property, the pending Objection must be sustained and the Trustee permitted to administer the Debtor's interest in the property for the benefit of the Estate.

## II.     Procedural History

On June 15, 2010 (Petition Date), Christopher Clark (Mr. Clark or Debtor) filed his Voluntary Petition for Relief (Petition) under Chapter 7 of Title 11 of the United State Code. On March 17, 2011, Trustee Zvi Guttman (Trustee) filed an Objection to Amended Exemptions (Objection) (Dkt. No. 31). On April 13, 2011, the Debtor filed a Memorandum in Opposition to Objection to Amended Exemptions (Opposition) (Dkt. No. 33). On July 13, 2011, the Court held what turned out to be a preliminary hearing – no evidence was taken, no substantial argument was asserted and no rulings were made at that time. Instead, a further evidentiary hearing was scheduled for September 6, 2011.

Given an additional opportunity, the Trustee filed a Memorandum in Support of Objection to Amended Exemptions (Trustee's Memorandum) (Dkt. No. 45) on August 12, 2011. The September 6, 2011 hearing was held and evidence – the testimony of Mr. Clark and a handful of relevant documents – was received. The parties were given a last opportunity to brief the issues and a final hearing was scheduled for November 7, 2011. The Debtor filed a Memorandum in Support of Debtor's Amended Exemptions (Dkt. No. 47) on September 9, 2011 and the Trustee filed a Supplemental Memorandum in Support of Objection to Amended Exemptions (Dkt. No. 54) on September 20, 2011. Final argument occurred on November 7, 2011 and the matter is now ripe for decision.[1]

---

[1] The Court apologizes to the parties for the length of time it has taken to complete this Memorandum Opinion. An untoward combination of circumstances in Chambers prevented its completion until now.

## III.    Factual Background

The Trustee and the Debtor spar over the Debtor's asserted right to claim a version of the California Homestead exemption based upon the Debtor's interest in the real estate known as 21071 Redwood Lane, Mission Viejo, CA 92691 (Redwood Lane). It is the disagreement over the nature of that interest that fuels the parties' debate.

Redwood Lane was purchased by the Debtor and his then wife, Patricia Clark on May 7, 1984. The Deed proves that they took title to the property as joint tenants. There is no evidence that the form of ownership was ever changed. The Debtor, Ms. Clark, and their children lived together at Redwood Lane until approximately 1998 or 1999 when Mr. Clark separated from Ms. Clark and moved out. Per the Debtor's testimony, Ms. Clark and the Clarks' son still live there.

Mr. Clark filed for divorce in 2001. On August 1, 2008, proceeding under Cal. Fam. Code § 2337, the Superior Court of California for Orange County granted the Debtor and Patricia Clark a 'status-only' divorce. Apparently the status-only divorce does serve to dissolve the Clark's marriage. However, there was no evidence presented of a written, post-divorce, court-ordered or approved division of the property they owned during the marriage. Early in this contested matter, that fact was asserted to be relevant because per California law, and depending upon the nature of a status divorced couple's interest in their property, that property may still be entitled to important statutory protections in the form of exemptions from creditor claims as if the Clarks were still married.

In that regard, the Debtor's 11 U.S.C. Section 341(a)[2] meeting of creditors was held on July 13, 2010. During the meeting, the Debtor testified that he and Ms. Clark had reached an

---

[2] Hereafter, unless otherwise noted, all federal statutory citations are to the Bankruptcy Code (Code), found at Title 11 of the United States Code. All references to Rules are to the Federal Rules of Bankruptcy Procedure Fed. R. Bankr. P. 1001 *et seq.*

3

arrangement regarding the division of the personal property owned by them during their marriage. The existence of such an arrangement could have likewise impacted upon Mr. Clark's ability to claim statutory exemptions. He explained that when he left the family home all he took was his boat and a small color television, implying necessarily that those two items were no longer community property and, by mutual understanding, had become 'his'. The rest of the personal property was left with Ms. Clark with the understanding that it was now hers alone. With respect to Redwood Lane, he testified that he and his wife had agreed to sell the real estate and divide the proceeds 50/50 when their youngest child reached the age of twenty-one.[3]

There is no dispute that Redwood Lane had a value of approximately $395,000 at the time of the filing of the Petition. It is encumbered by a mortgage in the amount of $230,262. This leaves significant equity in the Property that could be used to pay creditors, if the Debtor's interest in Redwood Lane is not exempt.

When the case began, the Debtor listed Redwood Lane on his original Schedule A.[4] He indicated that the value of his interest in the property was $410,000, but he did not define the nature of that interest, choosing instead to leave that column blank. On his Schedule C, he claimed a homestead exemption in the amount of $0.0 under Cal. Civ. Pro. Code § 703.140(b)(1)[5]. On January 23, 2011, after being questioned at his Section 341 meeting, the Debtor filed amended schedules. On his Amended Schedule A, he indicated that the nature of his interest in Redwood Lane was as a Joint Tenant. He also reduced the monetary value of his

---

[3] Mr. Clark changed his testimony at his subsequent deposition and asserted there was no agreement with his wife with respect to the anticipated sale and disposition of Redwood Lane. In light of the overall context of this case, the change in his sworn testimony appears to be more of a calculated reaction to a seemingly relevant statutory provision than an accurate representation of the truth.

[4] As in every bankruptcy case, all of the Debtor's Schedules were filed under oath, subject to penalties of perjury.

[5] Hereafter, unless otherwise noted, all state statutory citations are to the California Civil Procedure Code (Cal. Civil Code)

interest to $197,500. On his Amended Schedule C, Debtor claimed a $75,000 homestead exemption in Redwood Lane based upon Cal. Civil Code Section 704.730. On March 15, 2011, the Debtor filed another amended Schedule C and added the following language: "C.C.P. § 704.730 Forced sale by trustee precluded by application of C.C.P. §§ 704.720 and 704.800". Two days later, the Objection was filed. Before the final hearing, on October 7, 2011, the Debtor filed his final Amended Schedule A and indicated that his interest in Redwood Lane was, "Joint Tenant/Community – as determined in divorce action".[6]

## IV. Analysis

Pursuant to Section 522(b)(1) of the Code, California has opted out of the available federal bankruptcy exemptions. Cal. Civ. Proc. Code § 703.130 (West 2012). The exemption claimed by the Debtor derives from one of a series of statutes that set the boundaries of the California homestead exemption. Section 704.710, recognizes an exemption for:

> the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead.

Cal. Civ. Proc. Code § 704.710 (West 2012).

Section 704.730 of the Cal. Civil Code sets the amount of the homestead exemption at $75,000. It is Section 704.720(d) that creates the residual, potential benefit of a homestead exemption for individuals in positions similar to that of the debtor: those who no longer reside in the 'homestead' and who may be either separated or divorced from a spouse, or former spouse, who still resides in the homestead. The Section states in pertinent part:

---

[6] Presumably, this was intended to be consistent with the Debtor's belated contention that his and his former spouse's interest in Redwood Lane could only be determined by the California state court in the pending divorce proceeding.

> [i]f a judgment debtor is not currently residing in the homestead, but his or her separated or former spouse continues to reside in or exercise control over possession of the homestead, that judgment debtor continues to be entitled to an exemption under this article until entry of judgment or other legally enforceable agreement dividing the community property between the judgment debtor and the separated or former spouse, or until a later time as specified by court order.

Cal. Civ. Pro. Code § 704.720(d) (West 2012).

Since the Debtor no longer lives at Redwood Lane, and has not lived there for many years, and is divorced from Ms. Clark, who continues to reside at the Property, the Trustee initially averred that Redwood Lane is no longer the Debtor's homestead and he is no longer entitled to claim the exemption.[7] The Debtor's original counter to that argument was that he and his former wife were not bound by a "legally enforceable agreement" as to their community property and since there was likewise no court order regarding the same, the rule of Section 704.720(d) of Cal. Civ. Code held firm to protect the Debtor's homestead rights in Redwood Lane. Eventually, however, the Trustee took the position that Section 704.720(d) of Cal. Civil Code did not even apply because Redwood Lane is not owned as community property. Based upon the relevant California cases, this Court concludes that the Trustee's argument is correct and the Objection should be sustained.

While federal law determines what property shall be included as property of the bankruptcy estate, state law determines the debtor's interest in property as of the commencement of the case. *In re Mantle,* 153 F.3d 1082, 1084 (9th Cir. 1998); *In re Summers,* 278 B.R. 808, 811 (9th Cir. B.A.P.). Section 760 of the California Family Code states as follows:

> Except as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage, while domiciled in this state is community property.

---

[7] The Trustee's original objection was fuzzy as to its basis but was eventually clarified. The Trustee, as the objector, has the burden of proving the Debtor ineligible for the claimed exemption. Rule 4003(c).

Cal. Fam. Code § 760 (West 2012). However, as seemingly definitive as that language is, case law teaches us that it only creates a mere presumption in favor of a finding of community property. *In re Summers, supra*; *In re Marriage of Haines*, 33 Cal.App.4th 277, 289-90, 39 Cal Rptr. 2d 673, 681 (Cal. App. 4 Dist., 1995); see also *Lovetro v. Steers*, 234 Cal.App.2d 461, 468, 44 Cal.Rptr. 604, 608 (Cal.App. 1 Dist., 1965) ("When property is conveyed to a husband and wife as joint tenants, the form of the conveyance is such as to destroy the statutory presumption that the property is community… ."). As stated in *Summers*, "[t]he presumption (included in Section 760) can be overcome by evidence that the parties agreed to hold the property as joint tenants, such as a deed showing that the spouses took title to property as joint tenants." *Id.* (paren. supp.). *In re Rhoads* is in accord with that reasoning: "[a] declaration in a deed or other title instrument that the parties take the subject property as joint tenants raises a presumption that the married couple intended to take title in joint tenancy."[8] 130 B.R. 565, 567 (Bankr.C.D.Cal.1991).

    The evidence is undisputed that Redwood Lane is owned by the Debtor and Ms. Clark as joint tenants. The Deed says so and there was no evidence that the original titling was ever altered or modified. Moreover, the Debtor's Schedule A indicates that Redwood Lane is owned in joint tenancy; in light of the prefatory objective evidence, the final Amended Schedule A must be deemed to be a last second, post-hearing sop to the notion that Redwood Lane has to be community property in order for the homestead exemption to be sustained. Likewise, the Debtor testified that he and Ms. Clark together own no community property and he signed an affidavit

---

[8] Although Section 760 of the California Family Code seems to define all property obtained by husband and wife during a marriage as 'community property', Section 750 of the California Family Code expressly sanctions a husband and wife owning property as joint tenants, tenants in common, *community property*, or as community property with right of survivorship. Naturally, this is confusing. This court has not found a reported California case that decides which definition of community property should apply under the homestead exemption statutes.

7

confirming that Redwood Lane is owned with Ms. Clark in joint tenancy. If there is a presumption in California that marital property is community property, it has been overwhelmingly rebutted in this case.  There is no independent evidence that Redwood Lane was ever owned as community property.

Nevertheless, Debtor contends that Redwood Lane, even if held in joint tenancy, is community property by operation of Section 2581 of the California Family Code. That section provides:

> For the purpose of division of property on dissolution of marriage or legal separation of the parties, property acquired by the parties during marriage in joint form, including property held in tenancy in common, joint tenancy, or tenancy by the entirety, or as community property, is presumed to be community property.

Cal. Fam. Code § 2581 (West 2012).[9]

But Section 2581 then goes on to state:

> This presumption is a presumption affecting the burden of proof and may be rebutted by either of the following:
>
> (a) A clear statement in the deed or other documentary evidence of title by which the property is acquired that the property is separate property and not community property.
>
> (b) Proof that the parties have made a written agreement that the property is separate property.

*Id*.

---

[9] Cal.Fam.Code § 2581 is the successor statute to Cal.Civ.Code § 4800.1(b) and is substantially the same.  Cal. Civ.Code § 4800.1(b) was the successor statute to Cal.Civ.Code § 5110 which stated in pertinent part: "[w]hen a single-family residence of a husband and wife is acquired by them during marriage as joint tenants, for the purpose of division of such property upon dissolution of marriage or legal separation only, the presumption is that such single-family residence is the community property of the husband and wife."

It appears that, as between the spouses, under Section 2581, and barring the type of proof listed in subsections (a) and (b), all jointly held property acquired during a marriage, including that held in joint tenancy, is community property.[10]

Yet, while the definition of community property under Section 2581 is broad, its application is narrow. The definition is for the limited purpose of, "division of property on dissolution of marriage or legal separation." *Id.* In California, homestead statutes are liberally interpreted in favor of the homesteader. *Ingebretsen v. McNamer*, 137 Cal.App.3d 957, 960, 187 Cal.Rptr. 529, 530 (Cal.App. 1 Dist., 1982). Nevertheless, the potential use of the Section 2581 definition of community property in the context of debt collection cases has been addressed in the case law. None of those cases help the Debtor's cause. In each, the Section 2581 definition of community property was deemed to be restricted to dissolution cases only. The broad definition does not apply to defeat third-party debt collection claims. See e.g. *In re Reed*, 89 B.R. 100 (C.D.Cal. 1988), *aff'd*, 940 F.2d 1317 (9th Cir. 1991); *Kane v. Huntley Financial*, 146 Cal.App.3d 1092, 1097, fn. 2, 194 Cal.Rptr. 880 (Cal.App. 4 Dist., 1983); *Hansford v. Lassar*, 125 Cal.Rptr. 804, 53 Cal.App.3d 364, 371 (Cal. App. 2 Dist., 1975).

For example, *Hansford* was a quiet title case brought by a third party creditor who attempted to realize upon his debt by selling real property owned by married couple. 125 Cal.Rptr. at 806. The couple in *Hansford* took title to the real property as joint tenants. *Id.* In deciding whether to apply the community property presumption in Cal. Civ. Code § 5110 (the predecessor of Section 2581) the court stated:

> Section 5110 of the act provides, inter alia, that as between the husband and wife, "upon dissolution of marriage or legal separation only" and for purposes of division of such property,

---

[10] This is of course in conflict with Section 750 which lists community property and joint tenancy as distinct, alternative ways to hold title.

>there is a presumption that a single family residence acquired by them during marriage as joint tenants is their community property.
>
>In view of the express language of section 5110, *this community-property presumption has no application to the instant case as it involves a dispute with a third party, rather than one between husband and wife in a dissolution of marriage or legal separation proceeding*. The presumption that is applicable in this case at bench is that of a joint-tenancy ownership that is the presumed fact which flows from the basic fact of a deed that is joint tenancy in form.

*Id.* at 808 (emphasis added).

These words are the death knell for Mr. Clark's exemption claim. Redwood Lane is not owned as community property but instead is jointly held. Therefore, this Court can only conclude, in light of Section 704.720(d)'s limitation to only community property and the forceful, interpretative California case law, that Mr. Clark cannot utilize the contested statute to exercise a $75,000 homestead exemption against the estate's interest in Redwood Lane.

V.     **Conclusion**

In conclusion, the Trustee has met his burden of proof and the Objection is sustained. As there appears to be substantial equity in Redwood Lane, the Trustee may proceed to administer the same for the benefit of the estate. All other issues raised and not specifically addressed are deemed moot in light of this result.

cc:     Christopher W Clark
        7870 Americana Circle, Apt. T
        Glen Burnie, MD 21061

        Brien M. Penn, Esquire
        Yungmann Madden & Penn, LLP
        3060 Route 97, Suite 260
        Glenwood, MD 21738
        brien@brienpennlaw.com

Zvi Guttman, Trustee
c/o The Law Offices of Zvi Guttman, P.A.
P. O. Box 32308
Baltimore, MD 21282-2308
ZviGuttman@7trustee.net

**END OF OPINION**